1
2
3
4
5
6
7
8
9
10
11
12
13
14

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

15  KEITH HOSTON,                          ) CV 05-01549 SH
                                           )
16          Plaintiff,                     ) MEMORANDUM DECISION
                                           )
17  v.                                     )
                                           )
18  JO ANNE B. BARNHART,                   )
    Commissioner of Social Security,       )
19          Defendant.                     )
    _____    )
20

21                      I.  PROCEEDINGS

22          Plaintiff Keith Hoston filed a claim for Supplemental Security Income (SSI)

23
    on August 22, 2002.  The application was denied.  After review by the
24

25  Administrative Law Judge (ALJ), the claim was denied on April 23, 2004.  The

26
    Appeals Council considered two additional medical reports in evidence, rejected
27

28                                         1

their findings and denied the request for review.

## II. ISSUES

Plaintiff makes two challenges to the ALJ's determination.  Plaintiff alleges (1) that the Commissioner did not properly evaluate the medical evidence of record and (2) that the ALJ did not properly evaluate Hoston's subjective complaints.  The defense argues that the ALJ provided adequate rationale that was supported by substantial evidence for the weight he assigned to conflicting medical opinions as well as  for the finding that plaintiff's subjective claims were not credible.

For the reasons shown below, the Court affirms the Commissioner's decision.

## III. ISSUE 1

A. Agreed Medical Examiner

Plaintiff first argues that the opinion of Agreed Medical Examiner (AME) Frederic Edelman, M.D. is entitled to significant weight and was improperly rejected by the Appeals Council.  Dr. Edelman's report was submitted as additional evidence to the Appeals Council, and stated that plaintiff was not permanent and stationary, meaning that plaintiff was temporarily totally disabled.  The defense argues that the Council properly found that this report was contrary to the weight

2

of the evidence.

The plaintiff's claim that an AME's report is entitled to greater weight over the consultative examiners and the non-examining, non-treating physicians is not supported by the law.  The hierarchy of physician ranking is determined by the Commissioner's regulations. 20 C.F.R. § 416.927 (d)(2)(200).  The hierarchy as established by the Commissioner is as follows; a treating physician is granted the greatest level of deference, followed by a consultative physician who has actually examined the patient, and the least level of deference is given to non-treating and non-examining physicians.  20 C.F.R. § 416.927 (d)(1)-(2) (2005).  There are no distinctions made based on the source of the examining physician, i.e. whether he was appointed by the Commissioner or whether he was an Agreed Medical Examiner. See  Lester v. Chater, 81 F.3d 821, 832 (9th Cir. 1995)(finding that an examining doctor's findings are entitled no less weight when the examination is obtained at the request of the claimant than when it is obtained by the Commissioner).  Accordingly, because an AME is a consultative examiner, his opinion may be given less deference and weight than a treating physician's opinion.  See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1993); Lester, 81 F.3d at 830.  The plaintiff also argues that AMEs should be entitled to greater weight because they are paid to be neutral.  This argument implies that other

examining physicians are paid to be "not neutral", which, as the defense points out,

is an unsupported allegation.  A set of regulations guides the recruitment, training

and oversight of the consultative examiners, and these regulations do not dictate

the outcome of the examinations to favor one side or the other; they merely require

that the examiners follow Social Security policies and regulations.  20 C.F.R. §

416.919t(f)(1)-(11) (2005).  The Commissioner conducts thorough and periodic

comprehensive reviews of each State agency to evaluate the agency's management

of the consultative examination process.  20 C.F.R. § 416.919t(a) (2005).

Furthermore, the Commissioner has made a commitment to "complete and reliable

medical evidence" as a "key element" in the disability determination process.

Reed v. Massanari, 270 F.3d 838, 841-2 (9th Cir. 2001).  Because the plaintiff does

not show any bias in the relied upon reports of other consultative examining

physicians, there is no reason to consider the AME's opinion to be of greater

weight than already given.

Secondly, plaintiff argues that the Appeals Council's rejection of  Dr.

Edelman's opinion was not legally sufficient.  The Appeals Council rejected the

opinion because the opinion was not based upon a review of the complete record

available to the ALJ.  A.R. 8.  The Council points out that Dr. Edelman

recommended a cervical MRI study without mentioning in his report the cervical

MRI already done by the treating physician on May 12, 2003, and the skull, cervical and thoracic spine x-rays done on October 1, 2001.  A.R. 8.  Plaintiff argues that it is wrong to assume that Dr. Edelman was unaware of the cervical MRI ordered by treating physician Clyde Arnold, M.D. because Dr. Edelman did review Dr. Arnold's November 26, 2003 permanent and stationary report.  Plaintiff concludes that it is reasonable to assume that Dr. Arnold commented on the May MRI in his November report, and as a result Dr. Edelman was aware of the previous MRI.  However, since Dr. Arnold's permanent and stationary report is not in the record there is no way to determine what it contained.  The evidence that can be relied on is that Dr. Edelman ordered another cervical MRI and did not mention the May MRIs in his report. A.R. 525.      The Appeals Council also noted that the skull, cervical and thoracic spine x-ray reports found in the October 1, 2001 report by Edwin Gromis, M.D. were not mentioned in Dr. Edelman's report.  A.R. 522.  This omission along with the omission of the May MRI allow for a reasonable inference by the Appeals Council that Dr. Edelman was unaware of existing MRI and x-rays in the record.  Magallanes v. Bowen, 881 F.2d 747, 750 (9thCir. 1989)(finding that if evidence is susceptible of more than one rational interpretation, the decision of the ALJ must be upheld).

Plaintiff argues Dr. Edelman's decision to order an MRI should be given

5

great weight because it is an opinion of a specialist about medical issues related to

his or her area of specialty. 20 C.F.R. § 404.1527(d)(5).  Factoring in Dr.

Edelman's specialty does not change the Appeals Council's reasonable inference.

The Court cannot deduce from the mere fact that Dr. Edelman is a specialist that he

reviewed past medical records.

    The Council also states that the opinions of Dr. Edelman were based on

subjective complaints by the plaintiff, which the ALJ gave appropriate reasons to

find not credible, as discussed infra.


    B. <u>Treating Physicians</u>

    Plaintiff argues that the Appeals Council's rejection of treating psychiatrist

Thomas Curtis, M.D.'s report was legally insufficient.  Dr. Curtis's notes and

report from December, 2001 until June, 2002 were reviewed by the ALJ and found

to be contrary to medical evidence and largely based on the subjective complaints

of the plaintiff.  The Appeals Council reviewed an additional report by Dr. Curtis

from July, 2004 that was entered into evidence after the ALJ reviewed the case.

The Appeals Council rejected the report because it was based largely on plaintiff's

subjective complaints and unwarranted speculation upon the results of an MMPI

test which had an invalid subtest.  A.R. 8.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

The ALJ may reject a treating psychiatrist's report as long as the ALJ

provides specific and legitimate reasons.  Thomas v. Barnhart, 278 F. 3d 947, 957

(9th Cir. 2002); Magallanes, 881 F.2d at 751.  The ALJ's evaluation and weight of

conflicting medical opinions is entitled to deference because he provided specific,

legitimate reasons supported by substantial evidence.  Id.  The ALJ rejected Dr.

Curtis' first report because it contradicted the weight of the medical evidence.

A.R. 24.  The ALJ instead relied on two psychological reports done by examining

psychiatrists Barry Edelman, M.D. and Dennis Greenberger, Ph. D. in March, 2003

and April, 2003 respectively.  A.R. 24.  Dr. Edelman found that the plaintiff has a

GAF of 70 which indicates mild symptoms, but was generally functioning pretty

well.  A.R. 271.  Dr. Edelman also found that the plaintiff has no mental limitations

and stated that the plaintiff's prognosis is good.  A.R. 271.  Dr. Greenberger found

that the plaintiff had no disabling symptoms and no impairment of work function

on any levels, but did recommend treatment for a pre-existing drug condition.

A.R. 416.  Additionally the ALJ specifically rejected Dr. Curtis' report because the

assessment was based on insufficient information since the plaintiff concealed

cocaine and alcohol abuse use in February, 2002.  A.R. 25.  See Thomas, 278 F.3d

at 959 (finding that the claimant's denial of drug and alcohol use to her treating

physician was a legitimate reason for the ALJ to draw a negative inference against

7

the claimant).

In rejecting Dr. Curtis' second report, the Appeals Council affirmed the ALJ's determination that the plaintiff's subjective complaints were not credible, and also looked to the contradictory nature of the report.  A.R. 7-8.  The report contradicted both Dr. Edelman and Dr. Greenberger's reports, and the ALJ sufficiently decided to give greater weight to it than Dr. Curtis' report.  The Appeals Council also stated that the report was based upon "unwarranted speculation upon the results of an MMPI test which had an invalid subtest."  A.R. 7.  Plaintiff argues that the Council does not identify which subtest was invalid.  There is no legal requirement that the Appeals Council identify the specific subtest.  The Personality Assessment Inventory of the MMPI reflected an invalid profile precluding standard interpretation.  A.R. 506.  Dr. Curtis found the abnormalities attributable to the mental distress and disorder.  A.R. 506.  However, the subjective judgment of Dr. Curtis about the possible explanation for the abnormality was not reliable because it relied on plaintiff's subjective complaints, which were themselves reasonably discredited by the ALJ.

## IV.  ISSUE 2

Plaintiff argues that his subjective complaints were improperly disregarded by the ALJ, as the ALJ did not make explicit, full and detailed findings supported

by specific, cogent reasons for rejecting his credibility.  Defendants argues that the

ALJ provided adequate rationale that was supported by substantial evidence for his

determination that the plaintiff was not credible.

When the ALJ's credibility finding is supported by substantial evidence in

the record, the court may not engage in second guessing.  Morgan v. Comm'r of

the Soc. Sec. Admin., 169 F.3d 595, 600 (9th Cir. 1999)(citing Fair v. Bowen, 885

F.2d 597, 603 (9th Cir. 1989).  The findings need to be sufficiently specific to

permit the court to conclude that the ALJ did not arbitrarily discredit the plaintiff's

testimony.  Bunnel v. Sullivan, 947 F.2d 341, 345-6 (9th Cir. 1991) .   The ALJ

may consider at least the following factors when weighing plaintiff's credibility:

his reputation for truthfulness, inconsistencies in his testimony or conduct, his

daily activities, work record, and testimony from physicians and third parties.

Light v. Social Sec. Admin., 119 F.3d 789, 792 (9th Cir. 1997).

The ALJ cited numerous and legitimate reasons for discrediting the plaintiff.

Significantly, the plaintiff lied to his treating physicians and psychiatrists about his

drug and alcohol abuse.  He stated that he was clean and sober since 1998, and

doctors relied on this information in their reports.  A.R. 24, 268,  401.  However, in

February, 2002, plaintiff entered the hospital for chest pains, and admitted to

cocaine and alcohol abuse for two days. A.R. 320.  The untruthful statements

regarding drug and alcohol abuse is a sufficient reason to impeach the plaintiff's credibility.  <u>Thomas</u>, 278 F.3d at 959.

The ALJ also considered the plaintiff's daily activities.  Plaintiff testified that "he is able to go grocery shopping by himself, cooks, is able to finish a task, is able to take medication by himself, and is able to remember what he reads and watches on TV" and that he uses public transportation as his means of transportation.  A.R. 25.  The ALJ determined that these activities are not compatible with short term memory loss, an ailment the plaintiff alleged at the hearing.  A.R. 25, 533.

Furthermore, the ALJ considered testimony from the plaintiff's physician. He noted that the internal medicine consultative examiner, Samuel Park, M.D. reported that when the plaintiff thought the doctor was examining him, the plaintiff's range of motion was limited. A.R. 25, 253.  When, however, the plaintiff did not think the doctor was examining him, the range of motion was normal.  A.R. 25, 253.  The ALJ reasonably interpreted this as showing the plaintiff to be feigning symptoms, making his subjective complaints not credible.

///

///

///

10

V.   ORDER

For the foregoing reasons, the decision of the Commissioner is affirmed and plaintiff's complaint is dismissed.

Dated:   June 13, 2006                          _____/S/_____

                                                        STEPHEN J. HILLMAN
                                                        UNITED STATES MAGISTRATE JUDGE

11